UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0154-JMS-DML-1 |
| | ) | |
| CELINE HOLE, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on January 3, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on July 18, 2014, and July 21, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On July 18, 2014, defendant Celine Hole appeared in person with her appointed counsel, Mike Donahoe. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Diane Asher, who participated in the proceedings.

On July 21, 2014, defendant Celine Hole appeared in person with her appointed counsel, Mike Donahoe. The government appeared by MaryAnn Mindrum, Assistant United States

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Hole of her right to remain silent, her right to counsel, and her right to be advised of the charges against her. The court asked Ms. Hole questions to ensure that she had the ability to understand the proceedings and her rights.

2. A copy of the Petition was provided to Ms. Hole and her counsel, who informed the court they had reviewed the Petition and that Ms. Hole understood the violations alleged. Ms. Hole waived further reading of the Petition.

3. The court advised Ms. Hole of her right to a preliminary hearing and its purpose in regard to the alleged violations of her supervised release specified in the Petition. Ms. Hole was advised of the rights she would have at a preliminary hearing. Ms. Hole stated that she wished to waive her right to a preliminary hearing.

4. Ms. Hole stipulated that there is a basis in fact to hold her on the specifications of violations of supervised release as set forth in the Petition. Ms. Hole executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Ms. Hole of her right to a hearing on the Petition and of her rights in connection with a hearing. The court specifically advised her that at a hearing, she would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against her unless the court determined that the interests of justice did not require a witness to appear.

6. Ms. Hole, by counsel, stipulated that she committed Violation Numbers 1 (in part), 2 (in part), 3 (in part), 4 (in part), 5, 6, and 7 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

As previously reported to the Court on October 8, 2010, Ms. Hole provided urine specimens on August 18 and 25, 2010, which were confirmed possible for marijuana by Alere Laboratory.

As previously reported to the Court on December 13, 2010, Ms. Hole submitted diluted urine specimens on October 13 and 20, 2010. In addition, Ms. Hole provided a urine specimen on November 1, 2010, which tested positive for marijuana and cocaine, and she provided a urine specimen on November 8, 2010, which tested positive for marijuana.

On November 28, 2012, Ms. Hole submitted a urine specimen which was confirmed positive for marijuana by Alere Laboratory. On December 5, 2012, Ms. Hole submitted a urine specimen which tested positive for marijuana.

| | |
|---|---|
| 4 | **"The defendant shall participate in a program of testing and/o treatment for substance abuse as directed by the probation officer."** |

As previously reported to the Court on April 17, 2012, Ms. Hole failed to attend scheduled substance abuse treatment appointments on October 13, and December 12, 2011, February 21, and April 11, 2012. She also failed to report for scheduled drug testing on March 1, 6, 12, April 10, and April 12, 2012.

| | |
|---|---|
| 5 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |

> As previously reported to the Court on April 17, 2012, Ms. Hole failed to report contact with law enforcement on her monthly supervision report for the month of July, 2012.
>
> Ms. Hole failed to report the use of illegal drugs on her monthly supervision report for the month of November, 2012, which she signed and dated December 5, 2012.

6 **"The defendant shall not commit another federal, state, or local crime."**

> As previously reported to the Court on April 17, 2012, Ms. Hole was arrested by the Indiana State Police in Ripley County, Indiana, for the offense of possession of a synthetic cannabinoid. The case was filed in Ripley County Superior Court under Cause Number 69D01-1203-FD-37.

7 **"The defendant shall notify USPO with 72 hours of any law enforcement contact."**

> As previously reported to the Court on April 17, 2012, Ms. Hole failed to notify the probation office of her contact with law enforcement as it related to her arrest by the Indiana State Police in Ripley County, Indiana, on July 5, 2011. This arrest was not discovered until a random record check conducted in March 2012.

7. The court placed Ms. Hole under oath and directly inquired of Ms. Hole whether she admitted violations 1 (in part), 2 (in part), 3 (in part), 4 (in part), 5, 6, and 7 of her supervised release set forth above. Ms. Hole admitted the violations as set forth above. The government dismissed specification of violation number 8.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Ms. Hole's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of Ms. Hole's supervised release, therefore, is 4-10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of four (4) months, with no supervised release to follow; (c) the defendant is to be taken into immediate custody.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CELINE HOLE, violated the above-specified conditions in the Petition (consistent with her admissions) and that her supervised release should be and therefore is **REVOKED**, and she is sentenced to the custody of the Attorney General or her designee for a period of four (4) months, with no supervised release to follow. The defendant is to be taken into immediate custody.

Counsel for the parties and Ms. Hole stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Reeves entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Ms. Hole's supervised release, imposing a sentence of imprisonment of four (4) months, with no supervised release to follow. The defendant is to be taken into immediate custody.

IT IS SO RECOMMENDED.

Date: 07/22/2014

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal